UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**REBECCA BUTTON,**                                        CASE NO.:

    **Plaintiff,**

v.

**SAI OF WILDWOOD ONE, INC.**
**d/b/a ECONOMY INN, a Florida**
**Corporation and VRUNDA PATEL,**
**Individually,**

    **Defendants.**                    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, REBECCA BUTTON, by and through the undersigned attorney, sues Defendants, SAI WILDWOOD ONE, INC. d/b/a ECONOMY INN, a Florida Corporation (hereinafter "Economy Inn"), and VRUNDA PATEL, Individually (hereinafter "Patel"), and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, attorney's fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

1

## PARTIES

2. Plaintiff worked for Defendants in Ocala, Florida.

3. Defendant Economy Inn is a Florida Corporation which operates in Ocala, Florida and is therefore within the jurisdiction of this Court.

4. Defendant Patel is the owner of Economy Inn who directly supervised and managed Plaintiff at Economy Inn in Ocala, Florida and is therefore within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. Plaintiff worked for Defendants from September 2019 until February 2021 as a hotel receptionist.

6. Defendant Patel exercised sufficient control over Economy Inn and Plaintiff during Plaintiff's employment with Economy Inn.

7. At all times relevant to this action, Patel was an individual resident of the State of Florida, who owned and operated SAI WILDWOOD ONE, INC. d/b/a ECONOMY INN and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of SAI WILDWOOD ONE, INC. d/b/a ECONOMY INN. By virtue of having regularly exercised that authority on behalf of SAI WILDWOOD ONE, INC. d/b/a ECONOMY INN, Patel is an employer as defined by 29 U.S.C. § 201, et seq.

8. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant Economy Inn has had more than $500,000.00 per year in gross volume of sales made or business done.

11. During Plaintiff's employment with Defendants, Defendant Economy Inn employed two or more employees who handled goods, materials and supplies which had travelled in interstate commerce.

12. Included in such goods, materials and supplies were computers, telephones, office equipment, bedding, paper, toiletries, tools, and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

13. Therefore, Defendant Economy Inn is considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. Additionally, Plaintiff is a covered individual under the FLSA.

## **FLSA VIOLATIONS**

15. At all times relevant to this action, Defendants failed to comply with the

FLSA by failing to properly pay Plaintiff for all hours worked.

16. Plaintiff routinely worked over forty (40) hours per week on behalf of Defendants.

17. However, Defendants failed to pay Plaintiff one and one-half times her hourly rate of pay for the overtime hours she worked. Instead, Defendants only paid Plaintiff her regular hourly rate of pay for the overtime hours she worked.

18. As a result of this practice, Plaintiff was not properly paid overtime compensation by Defendants for the overtime hours she worked.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above.

20. Plaintiff was entitled to be paid proper overtime compensation for overtime hours worked for Defendants.

21. During her employment with Defendants, Plaintiff worked overtime hours but was not paid full and complete overtime compensation for all overtime hours for which Plaintiff worked but was instead only paid straight time for such hours.

22. Defendants did not have a good faith basis for its decision to not properly pay Plaintiff full overtime compensation for all overtime hours worked by her during her employment with Defendants.

23. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff full and complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

24. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, REBECCA BUTTON, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 6th day of April, 2021.

/s/ ALISON BREITER
Alison Breiter, Esq.
FBN: 1003413
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-4058
Facsimile:  (407) 768-6287
Email: abreiter@forthepeople.com
         mfermaint@forthepeople.com
***Attorney for Plaintiff***